# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2022

Lyle W. Cayce
Clerk

No. 21-30779

United States of America,

*Plaintiff—Appellee*,

*versus*

Chad Lightfoot,

*Defendant—Appellant*.

Application for a Certificate of Appealability
from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-2473
USDC No. 3:17-CR-274-1

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Chad Lightfoot, currently Louisiana prisoner # 301162, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for engaging in a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30779

fraudulent scheme in connection with major disaster or emergency benefits. He argues that (1) the district court erred in dismissing as procedurally defaulted his claims that the Government failed to disclose exculpatory evidence, he was denied a fair trial, the prosecutor engaged in misconduct by contacting and threatening Lightfoot's witnesses, he was denied the right to counsel at the hearing on his pro se motion for a new trial, his trial counsel had a conflict of interest and the court failed to conduct a hearing on the conflict, the trial court should not have allowed the introduction of his prior convictions, and he should be resentenced because his prior conviction for bank fraud will soon be invalidated; (2) his trial counsel was ineffective in handling of the Government's threat or intimidation of a defense witness; and (3) the district court erred in denying his motion for recusal. Lightfoot has not briefed the other claims listed in his COA motion adequately and thus, he has not made the showing required to obtain a COA as to those claims. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

To obtain a COA as to the claims properly raised, Lightfoot must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims denied on the merits, he must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For claims denied on a procedural ground, he must show "at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Lightfoot has not made such a showing. Accordingly, his COA motion is DENIED. A COA is not required to appeal the denial of a motion to

No. 21-30779

recuse. *Trevino v. Johnson*, 168 F.3d 173, 176–78 (5th Cir. 1999). However, Lightfoot did not demonstrate grounds for recusal. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). The denial of the motion to recuse is AFFIRMED.